UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILMER SILVEVIO ZUNIGA,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**AM FRAMING LLC AND ARTHUR BELEM,**<br><br>       **Defendants.** | Civ. No. 21-08250 (KM)(LDW)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

      Wilmer Silvevio Zuniga ("Zuniga") initiated this action against AM Framing LLC ("AM Framing") and Arthur Belem ("Belem") (collectively, the "Defendants") for claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56 *et seq*. Because Defendants have failed to answer or otherwise respond to the Complaint, the clerk entered default, and Zuniga now moves for a default judgment. (DE 15.)

I.  **Summary**[1]

   a. **Factual Allegations**

The Complaint alleges that from July 2019 to August 2020, Zuniga was employed by the Defendants as a carpenter. (Compl. ¶¶ 22, 24.)[2] Throughout his employment, Zuniga contends that he worked "approximately fifty (50) hours, or more hours, per week," for a flat hourly rate of approximately $20.00 per hour. (Compl. ¶¶ 25-26.) Despite working fifty or more hours per week, Zuniga claims that the Defendants failed to pay him "at a rate of time and a half (1.5) for all hours [Zuniga] worked over forty (40) in a workweek." (Compl. ¶ 27.)

Additionally, Zuniga alleges that the Defendants willfully failed to: (1) "post notices of the applicable minimum wage and overtime requirements in a conspicuous place" at AM Framing's location of employment as required by the FLSA and NJWHL; (2) "keep contemporaneous payroll records" as required by the FLSA and NJWHL; and (3) "maintain accurate employee and wage records" as required by the FLSA and NJWHL. (Compl. ¶¶ 28-30.)

   b. **Procedural History**

On April 5, 2021, Zuniga filed this action, invoking the Court's jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. The Complaint asserts two counts against the Defendants. Count 1 alleges that the "Defendants willfully failed to pay [Zuniga] overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times

---

[1]   Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated.

   "DE" = Docket entry number in this case.

   "Compl." = Zuniga's Complaint (DE 1)

   "Avshalumov Aff." = Affirmation in Support of Motion for a Default Judgment (DE 15-1)

[2]   The Complaint states, however, that Zuniga did not work for Defendants from March 2020 to June 2020. (Compl. ¶ 23.) Zuniga resumed working for the Defendants from June 2020 to August 2020. (*Id.*)

2

the regular wage, to which" Zuniga was entitled to pursuant to FLSA. (Compl. ¶ 48.) Count 2 alleges that Zuniga worked "in excess of forty hours each week, yet the Defendants failed to compensate [him] in accordance and compliance with, the NJWHL's overtime provisions." (Compl. ¶ 54.)

Defendants were properly served but failed to answer or otherwise respond to the Complaint. On December 2, 2021, the Clerk entered default. Zuniga now moves for default judgment and seeks $14,314.29, which represents Zuniga's unpaid overtime wages and liquidated damages, plus (1) pre-judgment interest from the date of this Court's entry of judgment and (2) post-judgment interest until the date the judgment is paid in full. (Avshalumov Aff. ¶ 26.)

## II. Discussion

### a. Legal Standard

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F.

Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### b. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Here, the Summons and Complaint were served on AM Framing and Belem on July 31, 2021 and August 4, 2021 respectively. (DE 5.) Defendants failed to answer or otherwise respond to the Complaint within the deadline and the Clerk's entry of default was duly noted on the docket on December 2, 2021. Therefore, the prerequisites for default have been satisfied.

### c. Three-Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

#### i. Factor one: Existence of a meritorious defense

As always, evaluation of the first factor is made difficult by the Defendants' failure to answer or to oppose the motion for default judgment. Nevertheless, my independent review of the record does not suggest that Zuniga's claims are legally flawed. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the Complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d

1142, 1149 (3d Cir. 1990), I find that Zuniga has adequately stated claims for relief.

This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 because Zuniga's claims arise under the FLSA. The Court additionally has jurisdiction over Zuniga's NJWHL claim pursuant to 28 U.S.C. § 1367(a).

The Court may also exercise personal jurisdiction over the Defendants. AM Framing is organized under the laws of New Jersey, with its principal place of business in Newark, New Jersey. (Compl. ¶¶ 9-10; *see United States v. Burgess*, No. 18-1571, 2018 WL 6040268, at *2 (D.N.J. Nov. 19, 2018).) Further, this court has specific jurisdiction over Belem, a Connecticut resident. Specific jurisdiction over a defendant is established when that defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Accordingly, my inquiry into whether this forum may assert specific jurisdiction over Belem focuses on whether Zuniga's claims "aris[e] out of or relate[ ] to the [Belem's] contacts with the forum." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Helicopteros Nacionales de Colombia, SA. v. Hall*, 466 U.S. 408, 415, n.9 (1984)). The Third Circuit has established a three-part test to determine whether specific jurisdiction exists: (1) the defendant must have "purposefully directed [its] activities" at the forum; (2) the litigation must "arise out of or relate to" at least one of those activities; and (3) if the prior two requirements are met, a court my consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted).

All three elements of the Third-Circuit's test are satisfied. First, although Belem is a Connecticut resident, he maintains frequent contacts with New Jersey through his company AM Framing, which is incorporated in New Jersey

and operates in Newark, New Jersey. (Compl. ¶¶ 8-9.) Notably, Belem serves as AM Framing's Chief Executive Officer and has power over the company's payroll and personnel decisions. (Compl. ¶¶ 11-12, 14, 16-17.) Second, this litigation clearly arises out of and directly relates to Zuniga's employment with AM Framing, which Belem own and operates. Third, I find that the exercise of specific jurisdiction over Belem comports with "fair play and substantial justice" given Belem's contacts with the forum.

Finally, I find that Zuniga has sufficiently pled claims against Defendants for violations of the FLSA and NJWHL. The FLSA requires employees to be paid one and a half times their "regular rate" of pay for each hour worked over 40 hours a week against an employer. *Qu Wang v. Fu Leen Meng Rest. Ltd. Lia. Co.*, No. 16-8772, 2018 WL 1027446, at *2 (D.N.J. Feb. 23, 2018); *see also Crisostomo v. Exclusive Detailing, Inc.*, No. 08-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (explaining that the NJWHL mirrors the FLSA and therefore "interpretations construing FLSA are applicable"). Accordingly, Zuniga can establish a claim for overtime compensation under the FLSA and NJWHL by alleging "forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014).

The FLSA and NJWHL also provides for individual liability against employers. Under the FLSA, an employer is defined as "any person acting directly or indirectly in the interests of an employer in relation to an employee." 29 U.S.C. § 203. The determination of employer status depends on whether the alleged employer exhibited control. *Santiago v. Lucky Lodi Buffet Inc.*, 2016 WL 6138248, at *2 (D.N.J. 2016) (citation omitted). Relevant factors courts consider include whether the alleged employer: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Id.* (citation omitted).

Here, Zuniga alleges that he "worked approximately fifty (50) hours, or more hours, per week throughout his employment." (Compl. ¶ 26.) Despite working over 40 hours a week, Zuniga asserts that "the Defendants did not pay [him] at a rate of time and a half (1.5) for all hours [Zuniga] worked over forty (40) in a workweek," in violation of both the FLSA and NJWHL overtime provisions. (Compl. ¶ 27.) Zuniga's FLSA and NJWHL claim also extends to Belem. The Complaint alleges that Belem: (1) owns AM Framing; (2) operates AM Framing; (3) serves as the Chief Executive Officer of AM Framing; (4) has power over personnel decisions; (5) has power over all payroll decisions; and (6) has the power to hire and fire employees. (Compl. ¶¶ 11-12, 14, 16-18.) These allegations, accepted as true for purposes of deciding this motion, are sufficient for the Court to find that Zunica has stated viable causes of action for violation of the FLSA and NJWHL.

In light of the above, I find the first factor supports default.

### ii. Factors two and three: Prejudice to Baymont and defendants' culpability

The second and third factors also weigh in favor of default. Defendants were properly served but failed to appear, defend, or otherwise respond to the Complaint. Zuniga has clearly been prejudiced by this dereliction because he has been "prevented from prosecuting [his] case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (find that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. Here, "there is nothing before the Court to show that the Defendant's failure to file an answer

was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009)) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment.

### d. Remedies

Pursuant to both the FLSA and NJWHL, employers found in violation of the statutes' overtime provisions are liable for the overtime compensation not paid to the employee. *See* 29 U.S.C. § 216(b*); Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, No. 116CV08772NLHAMD, 2018 WL 1027446, at *5 (D.N.J. Feb. 23, 2018) ("The standard for proving damages under the NJWHL is similar to that under the FLSA"). Courts have expressed that plaintiffs "may permissibly rely on estimates based on [their] own recollection in supplying the factual predicates for this calculation." *Delgado v. Auto Gallery LLC*, No. 20CV18593KSHCLW, 2021 WL 5864064, at *4 (D.N.J. Dec. 10, 2021); *see also Qingwei Ma v. Chef Jon's Authentic Chinese Cuisine*, 2020 WL 6111037, at *4 (D.N.J. Oct. 16, 2020).

The amount of unpaid overtime wages owed to Zuniga is based on his regular rate of pay, the number of overtime hours worked per week, and the number of weeks affected. *See* 29 C.F.R. §§ 778.109, 778.113; *Qingwei Ma*, 2020 WL 6111037, at *4. In support of his motion, Zuniga has submitted an affirmation by his attorney providing an itemized calculation of Zuniga's damages claimed against the Defendants under the FLSA and NJWHL. (Avshalumov Aff. ¶ 22, Ex. E.) From July 19, 2019 to February 29, 2020, Zuniga affirms that he worked ten hours of overtime each week for 34.71 weeks. (Avshalumov Aff. Ex. E.) And from June 1, 2020 to August 31, 2020,

Zuniga affirms that he worked ten hours of overtime each week for 13 weeks. (Avshalumov Aff. Ex. E.)

Zuniga argues that because he was paid a flat hourly rate of $20.00 per hour, he is entitled to overtime pay of $30.00 per overtime hour ($20.00 x 1.5). Because Zuniga, when he worked overtime, was only paid the normal flat hourly rate ($20.00), Zuniga asserts that Defendants owe him $10.00 ($30.00 overtime rate minus $20.00 actually paid) for every hour of overtime work. (DE 16 at 13.) Accordingly, Zuniga is entitled to $3,471.43 in unpaid overtime wages for the period of July 1, 2019 to February 29, 2020, and $1,300.00 for the period of June 1, 2020 to August 31, 2020, for a total amount of $4771.43 in unpaid overtime wages. (DE 16 at 14.)

Zuniga also seeks liquidated damages under the FLSA and NJWHL. "Liquidated damages are presumed for [a] FLSA overtime violation," and "[t]o avoid mandatory liability for liquidated damages, an employer must show that it acted in good faith and that it had reasonable grounds for believing that it was not violating the Act.'" *Saiyed v. Archon, Inc.*, 2021 WL 3561219, at *4 (D.N.J. Aug. 11, 2021) (quoting *Sec'y U.S. Dept. of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 433 (3d Cir. 2017). Because Defendants did not appear, they have presented no evidence evincing their good faith or reasonable belief they were not violating the FLSA. *See Delgado*, No. 2021 WL 5864064, at *5; *Qu Wang*, 2018 WL 3561219, at *5. Consequently, pursuant to the FLSA, Zuniga is entitled to recover liquidated damages in an amount of the unpaid overtime wages that will be awarded.

Zuniga seeks 200% of the unpaid overtime amount in liquidated damages under the NJWHL, instead of the 100% provided for under the FLSA. Pursuant to the NJWHL, a plaintiff may recover the unpaid wages due to him, "and an additional amount equal to not more than 200 percent of the unpaid minimum wages … as liquidated damages." N.J. Stat. Ann. § 34:11-56a25. Therefore, Zuniga requests that this Court award $9,542.86 ($4771.43 x 2) in

liquidated damages. (DE 16 at 15-16.) I will award Zuniga the liquidated damages amount called for by the NJWHL: $9,542.86.

Because I have awarded Zuniga liquidated damages, I will not award pre-judgment interest, as "liquidated damages and prejudgment interest both serve to compensate an employee for losses caused by delayed receipt of wages to which he is entitled." *Looi v. Wang*, No. CIV.A. 13-1684 SRC, 2015 WL 64650, at *3 (D.N.J. Jan. 5, 2015); *see also Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 910 (3d Cir.1991); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715 (1945) ("To allow an employee to recover the basic statutory wage and liquidated damages, with interest, would have the effect of giving an employee double compensation for damages arising from delay in the payment of the basic minimum wages.").

### III.  Conclusion

For the reasons set forth above, I will grant Zuniga's motion (DE 15) for default judgment. Post-judgment per diem interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961. An appropriate order follows.

Dated: January 24, 2022

/s/ Kevin McNulty

**Kevin McNulty**
**United States District Judge**